# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF KERN; and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through Kern County Counsel Margo Raison<br>Plaintiffs,<br><br>v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY; RICHARD S. SACKLER, an individual and as trustee for TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY; JONATHAN D. SACKLER, an individual and as trustee for TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY; MORTIMER D.A. SACKLER, an individual; KATHE A. SACKLER, an individual; IRENE SACKLER LEFCOURT, an individual; BEVERLY SACKLER, an individual and as trustee for TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY; THERESA SACKLER, an individual; DAVID A. SACKLER, an individual; CEPHALON, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ACTAVIS PLC; WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC.; ACTAVIS LLC; ALLERGAN PLC; ALLERGAN, INC.; ALLERGAN USA, INC.; INSYS | 1:19cv-00557-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION TO REMAND (ECF No. 8) AND DEFENDANTS' MOTION TO STAY (ECF No. 19) |

| THERAPEUTICS, INC.; MALLINCKRODT, PLC; MALLINCKRODT, LLC; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; MCKESSON CORPORATION; ALLERGAN FINANCE, LLC and DOES 1 THROUGH 100, inclusive, |
| --- |
| **Defendants**. |

## I. INTRODUCTION

This case concerns claims brought by the County of Kern and the people of the state of California, by and through Kern County Counsel Margo Raison (collectively "Plaintiffs") against a number of Defendants involved in the manufacturing, marketing, and distribution of opioids. Plaintiffs move to remand this case, while Defendants move to stay the case pending a decision on transfer to the opioid multidistrict litigation ("MDL") pending in the Northern District of Ohio. *See In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804. For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion to remand and **DENIES** Defendants' motion to stay as moot.[1]

## II. BACKGROUND

On March 27, 2019, Plaintiffs filed this action in the Kern County Superior Court. ECF No. 1-3. Plaintiffs alleged seven causes of action: (1) public nuisance under Cal. Civ. Code §§ 3479-3480; (2) common law fraud; (3) common law negligence; (4) unjust enrichment; (5) civil conspiracy; (6) false advertising in violation of Cal. Bus. & Prof. Code § 17500, *et seq*.; and (7) negligent failure to warn. *Id.*

---

[1] Additionally, on July 19, 2019, Defendant Insys Therapeutics, Inc. filed a notice of a Stay Order entered by the United States Bankruptcy Court for the District of Delaware on July 2, 2019. *See* ECF No. 24. The Court does not address the impact of the bankruptcy stay order due to this Court's finding that it does not have subject matter jurisdiction and ordering remand. *See, e.g. Evans v. Anderson*, No. C 09-5227 MHP, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010) ("[W]here the district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power."); *California Advocates for Nursing Home Reform, Inc. v. Chapman*, No. 12-CV-06408-JST, 2014 WL 2450949, at *5 (N.D. Cal. June 2, 2014) (remanding case for lack of subject matter jurisdiction even though two defendants were subject to an automatic bankruptcy stay).

Defendants removed to this Court on April 29, 2019 on the basis of federal question jurisdiction. *See* ECF No. 1. On May 7, 2019, Plaintiffs moved for remand. ECF No. 8. Defendants filed an opposition to remand, and Plaintiffs filed a reply. ECF Nos. 11,13. In the same period Plaintiffs moved for remand, Defendants moved to stay this action. ECF No. 10. Plaintiffs filed an opposition to the stay and Defendants filed a reply. ECF Nos. 12, 16. Both parties filed supplemental authority in support of their respective motions. ECF Nos. 19, 21-22. Pursuant to Local Rule 230(g), the Court determined that this matter was suitable for decision on the papers and took it under submission. ECF No. 15.

### III. LEGAL STANDARD

A defendant may remove a civil case from state court to federal court if the action presents either a federal question or the action's parties are citizens of different states and the amount in controversy is over $75,000. 28 U.S.C. §§ 1331, 1332, 1441. Subject-matter jurisdiction (in the form of either federal question or diversity jurisdiction) may be challenged at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

The plaintiff is the master of their own complaint and has the choice of pleading claims for relief under state or federal law (or both). *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). In most cases, and in the absence of diversity jurisdiction, "the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* at 399. "A state court action may only be removed to federal court if that federal court could have exercised original jurisdiction." *Sacks v. Dietrich*, 663 F.3d 1065, 1068 (9th Cir. 2011) (citing 28 U.S.C. § 1441(a)).

The Supreme Court has directed lower courts to exercise "prudence and restraint" when assessing the propriety of removal from state court because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). The Ninth Circuit has added that we should "strictly construe the general, [federal question] removal statute against removal jurisdiction" and that "if a district court determines at any time that less than a preponderance of evidence supports the right of

removal, it must remand . . . ." *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018)(citations and quotations omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (finding that a Court should reject removal "if there is any doubt as to the right of removal in the first instance."). The removing defendant bears the burden of overcoming this "strong presumption against [federal question] removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

Federal question jurisdiction only exists in "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983). Where state law creates the cause of action, federal question jurisdiction may also lie if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.* at 13. Federal question jurisdiction over state-law claims will lie if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-15 (2005). When one factor is lacking, federal question jurisdiction does not exist. *See Gunn*, 568 U.S. at 258; *Hornish v. King County*, 899 F.3d 680, 688 (9th Cir. 2018).

## IV. DISCUSSION

Defendants' central argument against remand is Plaintiffs' claims present a federal question under the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, because any duty Defendants allegedly breached solely stems from that Act. Plaintiffs argue that their claims do not raise a federal question under *Gunn* because, among other reasons, they can establish their claims without resorting to federal law based on their allegations regarding independent California common law and statutory duties, and that any questions of federal law are not substantial.

4

Plaintiffs filed as supplemental authority a recent order from the Central District of California remanding a "virtually identical" case,[2] and both Plaintiffs' motion and the Central District's order cite numerous examples of other district courts remanding similar opioid cases due to a lack of federal question jurisdiction. *See* Order, Civil Minutes and Statement of Decision, *City of El Monte, et al. v. Perdue Pharma L.P., et al.*, Case No. 2:19-cv-03588-JFW-PLA (C.D. Cal. June 18, 2019) (ECF No. 22, Exs. 1-2); ECF No. 19 at 3; ECF No. 8 at 2-3 (collecting cases remanding on the basis of a lack of federal question jurisdiction in opioid cases).[3] On the other hand, Defendants submitted a recent order from the Northern District of California that stayed a number of other "virtually identical" cases pending a decision on MDL transfer, and cites other district courts ordering stays in opioid cases. *See* Order, *County of Alameda, California, et al. v. Perdue Pharma L.P. et al.*, Case NO. 19-cv-02307-JST (N.D. Cal. June 10, 2019) (ECF No. 19-1); ECF No. 11 at 23, n. 4 (collecting cases ordering stays pending MDL transfer).

The Court finds the Central District's approach to be the correct one, and the Court adopts and incorporates by reference the *City of El Monte* opinion and analysis therein. In short, Plaintiffs do not plead any federal causes of action on the face of their complaint. Their claims do not necessarily raise a federal issue because the claims' validity does not depend on questions of federal law. The references to federal requirements and agency action appear to be provided as background information. And even if federal issues are raised, they are not "necessary" because Plaintiffs' claim can be established independently by reference to violations of California statutory and common law. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the

---

[2] Defendants have described the set of opioid cases filed in the Central, Eastern, and Northern Districts of California as "virtually identical." ECF No. 19 at 3.
[3] The Court **GRANTS** Plaintiffs' requests for judicial notice, ECF Nos. 8-1 and 13-1, of district court orders pursuant to Federal Evidence 201.

claim.") (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).  As *City of El Monte* found, the remaining *Gunn* factors are also not satisfied, but regardless, if one *Gunn* factor is lacking then there is no federal question jurisdiction.  *See Gunn*, 568 U.S. at 258; *see also Hornish*, 889 F.3d at 688.  Therefore, this Court does not have federal question jurisdiction under *Gunn*.  For these reasons and those stated in *City of El Monte*, the Court will remand the case to Kern County Superior Court.

## V. CONCLUSION AND ORDER

For the reasons stated above, Plaintiffs' motion for remand is **GRANTED**.  Defendants' motion to stay is **DENIED AS MOOT.**

IT IS SO ORDERED.

Dated: **July 23, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE